UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Criminal Case No. 05-cr-00190-WYD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. LENNON PARK,

    Defendant.
_____

**ORDER**
_____

I.    <u>INTRODUCTION</u>

    THIS MATTER comes before the Court on the Government's Supplemental Brief Regarding Inextricably Intertwined Evidence and Evidence Offered Pursuant to Federal Rule of Evidence 404(b) (docket #145), filed March 7, 2008. The Defendant filed a response on March 11, 2008. After fully considering the supplemental brief, response, previously filed pleadings on this issue, as well as the arguments raised at the numerous pretrial hearings conducted in this case, I find that the Government's noticed evidence must be admitted in part and excluded in part.

II.    <u>BACKGROUND</u>

    The Superseding Indictment charges the Defendant with the following three counts: (1) Count One: Sexual Exploitation of Children in violation of 18 U.S.C. § 2251; (2) Count Two: Transfer of Obscene Material to Minors in violation of 18 U.S.C. § 1470; and (3) Count Three: Coercion and Enticement in violation of 18 U.S.C. § 2422.

On February 9, 2007, the Government provided a notice of intent to offer certain evidence pursuant to Federal Rules of Evidence 413, 414 and 404(b). The evidence included two prior convictions for Forcible Sexual Abuse in Utah state court. Both minors were fourteen years old at the time of the offense. Initially, the Government offered the evidence pursuant to Fed. R. Evid. 414. However, Fed. R. Evid. 414 only applies to an "offense of child molestation" and "child" is specifically defined as somebody who has not attained the age of fourteen. Fed. R. Evid. 414(d). At the September 27, 2007 hearing, the Government stated that it was only seeking to admit this noticed evidence under Fed. R. Evid. 413 and was withdrawing its notice with respect to Fed. R. Evid. 414 and 404(b). On October 17, 2007, I issued an Order excluding the noticed evidence pursuant to Rule 413. In its current pleading, the Government *inter alia* is seeking to renew its notice pursuant to Rule 404(b) with respect to the Defendant's two prior sexual abuse convictions in Utah.

III. ANALYSIS

    A. <u>Whether Defendant's Two Prior Utah State Convictions are Admissible Pursuant to Rule 404(b)</u>

I note as an initial matter that although the Government withdrew its notice with respect to Fed. R. Evid. 404(b) at the hearing on September 27, 2007, I will treat the current pleading as a renewed notice pursuant to Rule 404(b).

Fed. R. Evid. 404(b) provides that "[e]vidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive,

opportunity, intent . . . provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial."

Admission of Rule 404(b) evidence is governed by a four prong test originally set forth in *Huddleston v. United States*, 485 U.S. 681 (1988); *see United States v. Wilson*, 107 F.3d 774, 782 (10th Cir. 1997); *United States v. Birch*, 39 F.3d 1089, 1094 (10th Cir. 1994). This test requires consideration of the following factors: (1) that the evidence be offered for a proper purpose under 404(b); (2) that the evidence is relevant under Rule 402; (3) the probative value of the evidence must not be substantially outweighed by the potential for unfair prejudice; and (4) the trial court shall, upon request, instruct the jury that the evidence is to be considered only for the proper purpose for which it was admitted. *Id.*

The evidence: "'(1) must tend to establish intent, knowledge, motive, identity or absence of mistake or accident; (2) must also be so related to the charge that it serves to establish intent, knowledge, motive, identity or absence of mistake or accident; (3) must have real probative value, not just possible worth; and (4) must be close in time to the crime charged.'" *United States v. Harrison*, 942 F.2d 751, 759 (10th Cir. 1991) (internal citations omitted).

When the government is moving for admission of 404(b) evidence, it "bears the burden of showing how a defendant's past acts are 'relevant to an issue in the case by' articulating precisely the evidentiary hypothesis by which a fact of consequence must

be inferred from the evidence of other acts." *United States v. Harrison*, 942 F.2d 751, 759 (10th Cir. 1991); *United States v. Kendall*, 766 F.2d 1426, 1436 (10th Cir. 1985). "A broad statement merely invoking or restating the rule is insufficient." *Kendall*, 766 F.2d at 1436. "There must be a clear and logical connection between the alleged earlier offense or misconduct and the case being tried." *Harrison*, 942 F.2d at 759. "A specific articulation of the relevant purpose and specific inferences to be drawn from each proffer of evidence of other acts will enable the trial court to more accurately make an informed decision and weigh the probative value of such evidence against the risks of prejudice specified in Rule 403." *Kendall,* 766 F.2d at 1436-37.

Turning to the case at hand, in its supplemental brief, the Government seeks to introduce the Defendant's prior Utah state convictions for forcible sexual abuse as well as any statements that the Defendant made during his videotaped confession. The Government argues that the similarity of the prior conduct is "probative of the fact in issue - identity, whether this defendant sexually assaulted the child victim, RG." (Gov't. Supplemental Br. at 5.) The Government also argues that "the manner of the assault - contacting children on the internet, persuading them to meet him, and then assaulting them in his black truck - is highly probative of the Defendant's plan, intent, motive, and knowledge." *Id.*

Applying the *Huddleston* factors to the instant case, I reject the Government's arguments. First, I do not find that the Utah state convictions provide similarities with the conduct charged in this case. The Government states that it does not intend to introduce details in connection with the Utah cases, just the convictions themselves.

Thus, any facts that might suggest that the Defendant contacted the two Utah victims via the internet will not be introduced. I do not find that the convictions themselves provide similar factual scenarios to the instant case.

Second, even if I were to conclude that the Utah convictions were probative and relevant, I find that the danger of unfair prejudice outweighs any probative value under Fed. R. Evid. 403. Here, the Defendant is not charged with sexual assault or abuse. He is charged with sending obscene material over the internet, using the computer to entice a minor, and persuading a minor to produce a sexually explicit image to be transmitted over the internet. I lack sufficient information to determine whether the Utah state convictions involve similar charges or similar computer-related conduct underlying the charges in the instant case. For these reasons, I find that even if probative, the probative value is outweighed by the danger of unfair prejudice and confusion of the issues. Accordingly, I find that this evidence should be excluded pursuant to Rule 404(b).

  B. <u>Whether Evidence of the Defendant's Communications with Sergeant Anderson is Admissible Under the Doctrine of Res Gestae</u>

At a pretrial hearing held on November 27, 2006, the Government presented evidence of the events surrounding the investigation of the Defendant in this case. The evidence involved testimony from Sergeant Eric Anderson, a member of the Internet Crimes Against Children Task Force. Sergeant Anderson testified that on the evening of March 18, 2004, while in a chat room posing as a 13 year-old girl, he was contacted by the Defendant. During the chat, the Defendant suggested that they set up a

meeting. At the hearing, Sergeant Anderson described how he met the Defendant in a Yahoo chat room and began having conversations with him. Sergeant Anderson testified that it was the meeting, internet chats, and eventual traffic stop which led to the discovery of the Defendant's conduct underlying the charges in this case. Based on this police investigation, the Defendant was identified as the individual who assaulted the victim in this case, R.G., and enticed her to transmit explicit images over the internet.

In its supplemental brief, the Government argues that this evidence is admissible under the doctrine of res gestae. The Tenth Circuit has held that "[e]vidence of other crimes should not be suppressed when those facts come in as *res gestae* - 'as part and parcel of the proof of the offense charged in the indictment.'" *United States v. Kimball*, 73 F.3d 269, 272 (10th Cir. 1995). Evidence that is "inextricably intertwined" or intrinsically related to the charged offenses to the extent that testimony and evidence sought to be admitted would be confusing and incomplete without such evidence is not governed by Rule 404(b). *United States v. Oles*, 994 F.2d 1519, 1522 (10th Cir. 1993). Rule 404(b) applies only to extrinsic evidence. *See id.*

I find that the evidence surrounding the investigation of the Defendant in this case including the internet communications with Sergeant Anderson, the eventual meeting, and the subsequent traffic stop should be admitted under the doctrine of res gestae. These events provide the background and context of law enforcement's investigation of the Defendant. The evidence further explains how the authorities discovered the conduct underlying the charges in the indictment. I find that this

evidence is inextricably intertwined or intrinsically related to the charges to the extent that I believe that the jury would be confused without this evidence. I further find that this evidence will provide the jury with a complete presentation of the case. Accordingly, I find that this evidence is admissible under the doctrine of res gestae.[1]

IV.     CONCLUSION

Based on the foregoing, it is

ORDERED that the Government's noticed evidence is admitted in part and excluded in part as set forth in this Order. It is

FURTHER ORDERED that the evidence of the Defendant's two prior Utah state convictions is excluded under Rule 404(b). It is

FURTHER ORDERED that the evidence surrounding the investigation of the Defendant in this case including the internet communications with Sergeant Anderson, the eventual meeting, and the subsequent traffic stop is admissible under the doctrine of res gestae. It is

FURTHER ORDERED that the parties shall submit a joint status report to the Court within (10) ten days of this Order indicating the status of speedy trial and any other outstanding matters for the Court to decide.

---

[1] In light of my finding that this evidence is admissible under the theory of res gestae, I need not address whether it is admissible under Rule 404(b).

Dated: March 24, 2008

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge